UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BART GIORDANO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a body corporate and politic; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: **CV12-10838 SS**<br>*Mag. Suzanne H. Segal, Ctrm. 23, 3rd Fl.*<br><br>[PROPOSED]<br><br>**PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION**<br><br>**(INTERNAL AFFAIRS INVESTIGATION REPORTS)** |

    Whereas counsel for the parties have discussed the mutual exchange of documents in this litigation, Defendant, through its counsel of record, has agreed to produce certain confidential information in this litigation, and therefore, the parties have stipulated to the following terms and conditions, the Court hereby orders as follows:

/ / /

/ / /

1

1. In accordance with the above-referenced agreement, the City of Los Angeles has agreed to produce copies of the following documents following the issuance of a protective order in this matter:

   a) **The LAPD's Internal Affairs Investigation Report (and the attached addenda) relating to the incident of May 28, 2012, which gives rise to this litigation;**

   b) **LAPD Internal Affairs Investigations involving allegations of false arrest and/or false imprisonment made against the involved Officers (who have been identified by counsel for the parties) for the period of time for May 29, 2007 to May 29, 2012;**

   c) **LAPD Internal Affairs Investigations involving allegations of false and misleading statements and preparing false police reports made against the involved Officers (who have been identified by counsel for the parties) for the period of time for May 29, 2007 to May 29, 2012;**

   d) **Plaintiff may purchase copies of the recorded statements taken by LAPD's Internal Affairs in connection with the above-referenced investigations.**

## GOOD CAUSE STATEMENT

2. The Los Angeles Police Department conducts internal administrative investigations of Officer Involved Uses of Force and Complaint Investigations (hereinafter "Administrative Investigations") and also maintains a personnel file on its officers which includes personnel training information. Once an Administrative Investigation is initiated, a formal investigation number is prepared. Such investigations are reviewed by appropriate command officers in the Department. This review has several purposes: (1) to determine whether the involved officers violated any Department policies or procedures; (2) to determine whether administrative discipline and/or retraining of the involved officers is necessary; and (3) to ascertain if police policies and procedures in such areas as supervision, training, tactics, policies, etc. should be modified. Administrative Investigations are an essential aid to providing critical evaluation of Department officers and policies, and to determine the most

1 effective way to serve the citizens of Los Angeles.

2     3.    The Department strives to maintain the confidentiality of an officer's personnel package and Administrative Investigations, and the information contained therein, in recognition of the protections granted pursuant to Penal Code § § 832.5, 832.7, and 832.8 and 1040 et al. of the California Evidence Code. Just as officer's personnel package is maintained as confidential, so too are the Administrative Investigations involving a particular officer(s). Administrative Investigations, like an officer's personnel package, include information which is both personal in nature and could potentially impact the liberty interests of the involved police officers and/or civilians named within. The information obtained from personnel packages and Administrative Investigations can, and have been used to initiate disciplinary action against officers, as well as evidence in disciplinary proceedings where the officer's conduct was considered to be contrary to Department policy. At this time, the parties have agreed that certain Administrative Investigation information will be provided pursuant to the terms set forth in this Protective Order. As a result, the parties have agreed to this Proposed Protective Order covering these records for the following Good Cause reasons:

    4.    Administrative Investigations are maintained as confidential reports and are considered part of the individual officers' personnel record. Administrative Investigations include information which is both personal in nature and could potentially impact the liberty interests of the involved police officers and/or civilians named within. The information obtained from Administrative Investigations can and have been used to initiate disciplinary action against officers and as evidence in disciplinary proceedings where the use of force or tactics used were considered to be contrary to Department policy.

    5.    Unfettered release of Administrative Investigations have the potential for untold negative results. In terms of societal interests, it would inhibit the Department's ability to frankly engage in critical self-analysis. Public exposure of many

1 Administrative Investigations could severely threaten the safety and well-being of the
2 individuals, their families and associates. Many Administrative Investigations include
3 embarrassing facts. At a minimum, disclosure of an entire Administrative Investigation
4 would cause needless intrusion of privacy rights and have a negative effect on the
5 Department's effort to conduct these important investigations. Indeed, for all of these
6 reasons, persons interviewed by Investigators are advised that their statements are being
7 taken for the confidential use of the Department.

8   6.   The materials and interview statements of Administrative Investigations
9 are maintained in protected files in order to maintain their confidentiality. They are not
10 routinely shown to other city departments. Even then, information which is not clearly
11 relevant to the rationale governing the request is redacted to ensure the utmost regard for
12 the privacy rights of the mentioned within a given report. The reports are not available
13 to the general public except by court order. In all instances, the Department requests <u>in
14 camera</u> hearing to determine the relevance for releasing all or part of a given report,
15 again to ensure the constitutionally protected privacy rights of those named or otherwise
16 identified within the body of the report.

17   7.   In each case involving court-ordered disclosure of information from a
18 Administrative Investigation sought in state or federal court, it is Department policy to
19 seek a protective order limiting use of the information to the case at trial and identifying
20 those persons who may properly be granted access to the information. Absent a
21 protective order, it becomes unrealistic to conceive that the large numbers of attorneys,
22 secretaries, law clerks, paralegals and witnesses involved in many cases will be able to
23 maintain proper confidence of personal, private material absent an order which clearly
24 delineates their responsibilities. The orders further request that said records be returned
25 to the Department after the case has terminated, either by final judgment or otherwise.
26 This request serves to ensure that intrusion into the privacy and employment rights of
27 those involved is limited to the particular case in which the facts are relevant.
28 ///

8. Even with a carefully written protective order, the release of portions of an Administrative Investigation, without prior judicial review to determine relevancy and assess privacy concerns, ignores the constitutional protection given to individual privacy under the United States and California Constitutions and which a third-party such as the Department is obligated to assert. The issuance of an appropriate protective order makes certain that these privacy concerns are not compromised beyond that degree necessary to the issues before the court. Accordingly, on behalf of the Los Angeles Police Department and those persons identified within a given Administrative Investigation, the Defendants respectfully request these procedural protections in the instant case.

9. Accordingly, the parties hereby stipulate that the above-referenced Internal Affairs Investigation is confidential in nature and is appropriately produced pursuant to a protective order. (See *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995.))

### III.
### TERMS OF THE PROTECTIVE ORDER

10. If the Protective Order is issued, Defendants will produce the above-referenced documents wherein the documents will be marked in one of the following ways: "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. Documents, writings, or other tangible items, so designated, and all information derived therefrom (hereinafter, collectively referred to as "Confidential Information"), shall be treated in accordance with the terms of this stipulation and protective order.

11. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

12. Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a) Counsel for the parties, parties, and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision.

Case 2:12-cv-10838-SS   Document 33-1   Filed 10/23/13   Page 6 of 9   Page ID #:202

1    (b)    Such other parties as may be agreed by written stipulation among the parties hereto, or by Court order.

13.    Prior to the disclosure of any Confidential Information to any person described in paragraph 12(a) or 12(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.
>
> Dated: _____  /s/ _____"

14.    Upon the final termination of this litigation in either the United States District Court (Central District of California) or the Ninth Circuit Court of Appeals, all Confidential Information and all copies thereof shall be returned to the Los Angeles City Attorney's Office within fourteen (14) calendar days along with written confirmation from Plaintiff's counsel that all materials are being returned pursuant to the terms of this Stipulation and the District Court's order on this Stipulation. Since Plaintiff is alleging both federal claims and several causes of action pursuant to California law, the City of Los Angeles and any individual police officer defendants (who may be added as parties to this litigation) object to Plaintiff's retention, possession, custody and control of the above-referenced Confidential Information in the event the federal claims are dismissed and remaining state law claims are remanded to the Los Angeles County Superior Court ("Superior Court"). These objections are made pursuant to California law, including but not limited to, the Peace Officer's Bill of Rights, California Evidence Code Sections 1043 and 1045, as well as *Haggerty v. Superior Court* (2004) 117 Cal.App.4th 1079. In the event that the federal claims in this litigation are dismissed and the remaining state

1 law claims are remanded to the Superior Court, Defendant City and/or any individual
2 police officer defendants (who may be added as parties to this litigation) reserve the right
3 to file any and all necessary motions for an order from the Superior Court compelling
4 Plaintiff and/or his counsel to return all or specified portions of the Confidential
5 Information produced by the City of Los Angeles in this litigation.

6     15.    If any party who receives Confidential Information receives a subpoena or
7 other request seeking Confidential Information, he, she or it shall immediately give
8 written notice to the Defendants' counsel, identifying the Confidential Information
9 sought and the time in which production or other disclosure is required, and shall object
10 to the request or subpoena on the grounds of this stipulation so as to afford the
11 Defendants an opportunity to obtain an order barring production or other disclosure, or
12 to otherwise respond to the subpoena or other request for production or disclosure of
13 Confidential Material. Other than objecting on the grounds of this stipulation, no party
14 shall be obligated to seek an order barring production of Confidential Information, which
15 obligation shall be borne by the Defendants. However, in no event should production
16 or disclosure be made without written approval by the Defendants' counsel unless
17 required by court order arising from a motion to compel production or disclosure of
18 Confidential Information.

19     16.    Any pleadings, motions, briefs, declarations, stipulations, exhibits or other
20 written submissions to the Court in this litigation which contain, reflect, incorporate or
21 refer to Confidential Information shall be **submitted with an application that the**
22 **document be filed and maintained under seal either pursuant to Ex Parte**
23 **Application and Order of the Court or Stipulation of the parties and Order of the**
24 **Court. (Local Rule 79-5, et seq.). Good cause for the under seal filing must be**
25 **shown.** If a document or pleading submitted to the Court, as described in this paragraph,
26 makes only a general reference to any document or information contained therein
27 covered by this protective order, but does not quote or describe its contents in any
28 specific way, and does not include the protected document itself, then the party or parties

1 need not enter into a Stipulation or otherwise seek an order to file the documents under
2 seal. **In entering into a Stipulation for the filing of Confidential Information under
3 seal, neither one of the parties waives its right to object to the admissibility of said
4 information in connection with that proceeding or to move to exclude said
5 information prior to or during the time of trial.**

6     17. The parties agree that the spirit of confidentiality as protected in this order
7 will apply to all proceedings. To that end, before any protected document or any
8 information derived therefrom is to be put forward, admitted into evidence, discussed in
9 detail or otherwise publicized in Court, the party raising the protected document will
10 inform the other parties and allow for a motion to the Court to close the proceedings to
11 the public.

12     18. Nothing herein shall prejudice any party's rights to object to the
13 introduction of any Confidential Information into evidence, on grounds including but not
14 limited to relevance and privilege.

15     19. <u>During the course of depositions, when counsel makes an objection to a
16 question concerning a protected document or information contained therein, which is the
17 subject of this Stipulation and protective order, or concerning a general area that counsel
18 believes should be covered by the scope of this Stipulation and protective order, those
19 witnesses (as identified in Paragraph 3(a) herein) may answer the question, without
20 waiving the objections, and the questions and answers to those questions will be sealed
21 and covered by the terms of this protective order. Counsel and the parties reserve the
22 right to object to the disclosure of confidential or private information which is not the
23 subject of this Stipulation and protective order. Any documents deemed confidential
24 pursuant to this protective order will be sealed, if they are used as exhibits in any
25 deposition. This agreement does not waive any objections counsel may make, including
26 objections unrelated to the reasons for this protective order.</u>

27     20. Each person receiving or reviewing Confidential Information must consent
28 to the jurisdiction of the United States District Court for the Central District of

California, including the Magistrate Judge assigned to this case, with respect to any proceeding relating to enforcement of this Order, including, without limitation, any proceeding for contempt and/or monetary sanctions

21. <u>This Protective Order survives until the time the commencement of trial. The parties hereto, however, may make a request to the ~~District~~ *Magistrate* Judge, in advance of trial, that the Confidential Information disclosed pursuant to the Protective Order remain confidential and/or be kept and maintained pursuant to the terms of the Protective Order.</u>

22. This Stipulation may be signed in sub-parts and may be transmitted by facsimile as if it was the original document. Defendants will lodge this executed Stipulation with the Court for approval.

*The Court finds good cause to protect the identified documents. Paragraphs 2-9, however, represent the parties' positions and are not the Court's findings.*

***IT IS SO ORDERED.***

Dated: 10/24/13, 2013   By: _____
Honorable Suzanne H. Segal
United States Magistrate Judge